IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | 94-cr-0296-LR |
| | : | |
| HECTOR AYALA, JR. | : | |

## MEMORANDUM AND ORDER

LOWELL A. REED, JR.                                            April 12, 2011

### Background:

United States District Court Senior Judge Lowell A. Reed, Jr., has overseen all aspects of Criminal Docket No. 94-296, United States of America v. Hector Ayala, Jr., since 1994. Defendant Ayala is currently serving a period of postconviction Supervised Release as the result of his sentence by this Court on June 18, 1997. This Court maintains supervision over defendant Ayala and has custody of his federal U.S. Probation file. This ongoing supervision forms the basis for the court's jurisdiction to issue this Order.

On April 1, 2011, the District Attorney's office issued two subpoenas requesting testimony of federal Probation Officers James Muth and Carmen Ongay, and certain documents from Hector Ayala's federal probation file, in the capital murder trial of Commonwealth v. Ayala, CP#51-CR-0013253-2007. That case is pending before the Honorable Rose Marie Defino-Nastasi, Judge of the Philadelphia Court of Common Pleas; jury selection began on April 11, 2011. On April 3, 2011, defense counsel issued subpoenas for testimony from Probation Officers Muth and Ongay, testimony from the current and former Chief Probation Officers, and production of Ayala's entire probation

file. Defense counsel made an additional verbal request for drug testing and mental health records from Ayala's probation file.

**Legal Analysis:**

The Judicial Conference of the United States has adopted regulations governing the testimony of judiciary personnel and production of judiciary records in legal proceedings (hereinafter "Subpoena Regulations"). The Subpoena Regulations are available on the Internet at http://www.uscourts.gov/RulesAndPolicies/ SubpoenaRegulations.aspx.

The Subpoena Regulations require this Court to make an independent determination whether to allow the testimony of Court personnel and/or release of Court documents. The Court must weigh and balance, among other factors, the need to conserve the time of federal judicial personnel; the need to minimize the judiciary's involvement in issues unrelated to its mission; and whether the testimony or production of records would disclose confidential information. This Court concludes that, upon consideration of all of these factors, the government and the defense have satisfied the burden of establishing that, *inter alia*, portions of the information sought are relevant and unavailable from other sources. See Subpoena Regulation, Sec. 8(a)(13).

An appropriate order follows.

2

## ORDER

**AND NOW**, this 12th day of April 2011, having considered all requests for testimony and records of the U.S. Probation Office made to date by the prosecution and defense in Commonwealth v. Ayala, **IT IS HEREBY ORDERED:**

1. Federal Probation Officer Carmen Ongay is authorized to testify at the trial of Commonwealth v. Hector Ayala, in Philadelphia Court of Common Pleas, Case No. CP-51-CR-0013253-2007, limited to the following subjects and the records thereof:

    (a) such truthful and accurate summary of the status and identity of the employer of Ms. Ongay during the relevant time periods, as permitted or required by Judge DeFino-Nastasi;

    (b) her knowledge about the status of the relationship between Ayala and Carmen Maria Sola, the victim of the alleged murder;

    (c) her knowledge about a book written by Ayala titled "Basic Steps Toward a Non-Violent Lifestyle;" and

    (d) the results of any drug testing or mental health evaluations conducted or obtained as part of her supervision of Ayala from April 6, 2007 until August 2007.

2. Federal Probation Officer James Muth is authorized to testify at the trial of Commonwealth v. Hector Ayala, in Philadelphia Court of Common Pleas, Case No. CP-51-CR-0013253-2007, limited to the following subjects and the records thereof:

    (a) such truthful and accurate summary of the status and identity of the employer of Mr. Muth during the relevant time periods, as permitted or required by Judge DeFino-Nastasi;

    (b) his observations as to Ayala's demeanor and/or sobriety on September 19, 2007;

3

(c) his observations of Ayala with Carmen Maria Solo on September 19, 2007; and

(d) the results of any drug testing or mental health evaluations conducted or obtained as part of his supervision of Ayala from August 2007 until September 19, 2007.

3. With reasonable notice and at a reasonable time, investigators and/or counsel for Ayala may speak to Officers Ongay and Muth on the topics and records described in paragraph (1) and (2), respectively, prior to the officers' testimony at trial.

4. The Assistant District Attorney and defense counsel respectively shall notify AUSA Susan Becker, Esquire, by 2 p.m. the day before either party expects to call Probation Officers Muth or Ongay to testify.

5. Copies of the following documents from Ayala's U.S. Probation Office file may be released to defense counsel and the Assistant District Attorney:

(a) Ayala's drug testing results; and

(b) a book written by Ayala titled "Basic Steps Toward a Non-Violent Lifestyle."

6. A copy of the following document from Ayala's U.S. Probation Office file may be released to Ayala: the November 9, 1983 discharge summary from Eastern Pennsylvania Psychiatric Institute.

7. A defense investigator reviewed Ayala's probation file in January 2010, and was provided copies of requested public documents and given the opportunity to request additional documents. With reasonable notice and at a reasonable time, members of

4

Ayala's defense team may review Ayala's probation file again at the offices of Chief Probation Officer Ronald DeCastro, Federal Office Building, 600 Arch Street, Suite 2400, Philadelphia, PA 19106. If Ayala's defense team seeks additional material from the file, they will specify to Chief Probation Officer DeCastro in writing which records and the reason for seeking those records, consistent with Section 6(a) of the Subpoena Regulations. In light of the ongoing criminal trial, the Court will rule expeditiously on any such request.

8. Neither Chief Probation Officer Ronald DeCastro nor former Chief Probation Officer Daniel Blahusch is authorized to testify at the trial of <u>Commonwealth v. Hector Ayala</u>. Ayala's stated reason for their testimony is to elicit information about why defense investigators were not permitted to interview Probation Officers Muth and Ongay in January 2010. The Assistant District Attorney interviewed Officer Muth in late March 2011, and subpoenaed Officers Muth and Ongay on or about April 1, 2011. Pursuant to paragraph 3 of this Order, defense investigators and/or counsel are permitted to interview Officers Muth and Ongay prior to their trial testimony. Having considered and balanced the factors set forth in Section 8(a) of the Subpoena Regulations, I find that any justiciable issue surrounding the stated reason for the defense request is moot. Thus, there is no basis to authorize the testimony of Chief Probation Officer Ronald DeCastro or former Chief Probation Officer Daniel Blahusch.

9. The Court has considered both parties' requests consistent with the dictates

of the Subpoena Regulations, and has no intention of impeding the prosecution or defense in the trial of Commonwealth v. Ayala. The Court will consider any further requests for information that set forth in written detail the reasons for the request, as required by the Subpoena Regulations, section 6(a).

*[signature]*
LOWELL A. REED, JR.